I dissent as to Part I, on some of the same grounds which I advanced, and which former Chief Justice Howell Heflin advanced, in our separate dissents on the original appeal. 295 Ala. at pages 50 and 56, 322 So.2d 688.
Even though this case involves thousands of dollars, the basic and controlling facts are undisputed. BTNB, as a co-trustee wanted to merge. Co-trustee Henley opposed merger. Under national banking laws, Henley, as co-trustee, became, in effect, the sole trustee in the merger proceeding. Exercising his right, he dissented, thus triggering the process of stock evaluation, sale at public auction, etc. The procedure outlined by federal law was followed in the merger proceeding. During the merger proceeding, Henley, because of the mandate of federal law, was the "dissenting stockholder."
The majority upholds a finding by the trial court that the bank acted in bad faith at the evaluation stage. The evidence is uncontradicted that BTNB urged merger. Had Henley, as sole
trustee, not dissented, there never would have been any necessity for the subsequent events, which Henley now complains about. In short, had Henley followed the advice of BTNB, the Trust estate would have been substantially benefited, not harmed. Why then should BTNB be accused of bad faith and be saddled with a loss resulting from an event over which it had no control, Henley's dissent? *Page 899